# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MCINTEER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/]<br><br>　　　　Defendant. | Case No. CV 12-5515 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Stephen McInteer ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the February 8, 2010 opinion of his treating physician, Dr. Sherri Jia-Liang Lee. (Joint Stip. at 4-6, 12-15; *see* AR at 337-41.) The Court disagrees with Plaintiff for the reasons discussed below.

///

///

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

A.   <u>An ALJ Must Provide Clear and Convincing Reasons to Reject the Uncontradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036.

B.   <u>The ALJ Provided Clear and Convincing Reasons for Rejecting Dr. Lee's Treating Opinion</u>

The ALJ rejected both the mental and physical aspects of Dr. Lee's February 8, 2010 treating opinion. (AR at 17, 20; *see* AR at 337-41.) The Court addresses each in turn.

1.   <u>Dr. Lee's Mental Health Assessment</u>

The ALJ gave *four* reasons for discrediting Dr. Lee's mental assessment.[2/]

First, the ALJ found Dr. Lee's February 2010 assessment to be inconsistent with her other, earlier assessments in December 2007 and January 2009. (AR at 17.) Despite apparently suffering from anxiety disorder and major depression, (AR at 337), Plaintiff was described in these earlier assessments as having a "normal affect, normal mood, and normal judgment." (*Id.*; *see* AR at 269 ("[m]ood, affect and judgment normal"), 276 ("affect is normal, thoughts a little tangential, mood is normal").)

---

[2/] As a preliminary matter, the Court notes that Dr. Lee indicated that her opinion regarding Plaintiff's mental symptoms may not be authoritative. (*See* AR at 337 (noting that Plaintiff's anxiety disorder and major depression will be "addressed separately by [Plaintiff's] psychiatrist").)

2

1      Second, the ALJ found Dr. Lee's opinion to be inconsistent with the medical
2 record as a whole, which documented "a stable mental condition" and noted that
3 Plaintiff "responded well to psychotropic medication, stated he was no longer
4 depressed, and was mentally normal."  (AR at 17.)  Without belaboring the ALJ's
5 discussion of the record – spanning over two pages – the Court will instead highlight
6 only select portions.  (*See generally* AR at 15-17.)
7      On November 15, 2002, Plaintiff began treatment for "major depression" and
8 related mental conditions.  (AR at 15; *see* AR at 256.)  Over the following years,
9 Plaintiff was treated with medication, and exhibited an improved mental condition.
10 (AR at 15; *see, e.g.*, AR at 239 (December 13, 2004 report, noting Plaintiff feeling
11 "better" and continuing prescription for Zoloft, an antidepressant), AR at 245
12 (noting "better mood" and reduced anxiety).)  As a result of such treatment, from
13 2006 to early 2009, Plaintiff's mental condition appeared to stabilize.  (AR at 17;
14 *see, e.g.*, AR at 225 (February 8, 2007 report noting "[m]oods have been good and
15 stable on . . . Zoloft"), AR at 219 (December 27, 2007 note indicating "no
16 depression, some anxiety").)  Thus, in light of such documented improvements, the
17 ALJ properly rejected Dr. Lee's opinion as inconsistent with the medical record as a
18 whole.
19      Third, the ALJ properly found that Dr. Lee's opinion was "brief, conclusory,
20 and inadequately supported by clinical findings."  (AR at 17); *see Batson v. Comm'r*
21 *of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (a treating physician's
22 opinion may be rejected if it is conclusory, brief, and unsupported).  Specifically, the
23 ALJ correctly noted that Dr. Lee merely "checked off" depression and anxiety as
24 factors affecting Plaintiff's ability to work without any explanation as to why that is
25 so.  (AR at 17; *see* AR at 338.)
26      Fourth, and last, the ALJ properly observed that Plaintiff's activities of daily
27 living undermine the functional limitations stated in Dr. Lee's assessment.  Indeed,
28 Plaintiff's hobbies, including "antiquing, racing cars, working at a machine shop,

3

1  and gunsmithing," all require a measure of strength and concentration that Dr. Lee
2  had indicated was prohibitive.  (*Compare* AR at AR at 221 (listing hobbies) *with* AR
3  at 337 (noting pain worsens with "physical . . . tasks involving hands"), 338
4  (medication causes "significant sleepiness/grogginess").)  To survive critique, Dr.
5  Lee's opinion should have addressed this apparent inconsistency.
6       Accordingly, for the reasons stated above, the ALJ properly rejected Dr. Lee's
7  assessment of Plaintiff's mental health.
8       2.     <u>Dr. Lee's Physical Health Assessment</u>
9       Next, the ALJ provided *five* reasons for rejecting Dr. Lee's assessment of
10 Plaintiff's physical health.
11      First, the ALJ properly gave no weight to Dr. Lee's opinion on the issue of
12 disability, which is a legal determination to be made only by the ALJ.  *Morgan v.*
13 *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).
14      Second, the ALJ again found Dr. Lee's opinion to be "brief, conclusory, and
15 inadequately supported by clinical findings."  (AR at 20.)  In support, the ALJ noted
16 that the opinion found severe limitations – amounting to a narrow range of sedentary
17 work – without *any* supporting explanation.  (AR at 337-41.)  Granted, some clinical
18 findings were offered (*e.g.*, mild diffuse swelling, and enlargement of phalangeal
19 joints) and some symptoms were listed (*e.g.*, "constant daily pain and stiffness"), but
20 notably absent is any discussion as to how these impairments result in the stated
21 limitations.  (*See id.*)
22      Third, the ALJ noted Dr. Lee's minimal treatment history, having only seen
23 Plaintiff a "few times per year."  (AR at 20; *see generally* AR at 212-321.)
24      Fourth, the ALJ observed that the opinion failed to provide any supporting
25 objective clinical findings, relying instead on Plaintiff's subjective complaints,
26 diagnoses, and treatment.  (AR at 20.)  Specifically, the ALJ found no evidence of
27 diffuse swelling, or enlargement of the claimant's phalangeal joints in the record.
28 (*Id.*)  And, indeed, the record supports this finding.  (*See, e.g.*, AR at 276 (noting no

4

joint swelling), 298 (absence of swelling generally), 323 (no joint swelling).) Notably, other than pointing to proof of her pain medication, Plaintiff has failed to provide any contrary evidence. (*See* Joint Stip. at 4-6, 12-15.)

Fifth, the ALJ found Dr. Lee's opinion to be inconsistent with the objective evidence of the record. (AR at 20.) Again, without regurgitating the ALJ's discussion on this topics, the Court underscores, for instance, that the ALJ properly found that the treatment records documented no severe physical impairment. (*See, e.g.*, AR at 264 (assessing only a strained neck and muscle spasms).) Similarly, Plaintiff's June 20, 2009 x-ray of his cervical spine only revealed evidence of degenerative discs, and was otherwise benign. (AR at 266.) Were Plaintiff's impairments as severe as alleged, one would expect, for instance, more alarming reports by physicians. (*See* AR at 337.)

Thus, for the reasons stated above, the Court determines that the ALJ properly rejected the opinion of Dr. Lee.[3]

Accordingly, the Court finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

///

---

[3] At the same time, Plaintiff, somewhat confusingly, appears to take issue with the ALJ's rejection of the opinion of the non-examining medical expert. (Joint Stip. at 5-6.) In particular, Plaintiff contends that the ALJ improperly disregarded the expert's finding of knee pain, which was supported by the record. (*Id.*) Even so, *other* reasons support the ALJ's credibility determination. *Batson*, 359 F.3d at 1197. For instance, the expert plainly admitted that his suggested limitations on handling and fingering were based solely on Plaintiff's subjective complaints, and not on objective evidence. (AR at 20; *see* AR at 49-51.) Not surprisingly, this is a valid ground to discredit any medical opinion, much less a non-examining one. *See Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir.1999) (where ALJ properly rejected claimant's credibility, ALJ may reject opinions premised to a large extent upon the claimant's subjective complaints).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: March 29, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge